UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, as subrogee of Thomas Kalkhof and T.E. Kalkhof Realty Company,<br>　　　Plaintiff<br><br>　　　　　v.<br><br>LINDA BEBKO-JONES,<br>　　　Defendant | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-140E<br>)<br>)<br>) ELECTRONICALLY FILED |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

**1.**　**Identification of counsel and unrepresented parties:**

　　Sean P. O'Donnell, Esquire
　　Cozen O'Connor
　　1900 Market Street
　　Philadelphia, PA 19103
　　(215) 665-2089
　　(215) 701-2089 – Fax
　　sodonnell@cozen.com
　　Attorneys for Plaintiff Motorist Mutual Insurance Company a/s/o Thomas Kalkhof
　　and T.E. Kalkhof Realty Company

　　Dale Huntley, Esquire
　　Walter E. "Stormy" Deacon, III
　　MacDonald, Illig, Jones & Britton LLP
　　100 State Street – Suite 700
　　Erie, PA 16507-1459
　　(814) 870-7600
　　(814) 454-4647
　　dhuntley@mijb.com
　　wdeacon@mijb.com
　　Attorneys for Defendant Linda Bebko-Jones

**2.**　**Set forth the general nature of the case:**

　　This is a property damage subrogation case arising out of the May 13, 2003 fire at a commercial property owed by T. E. Kalkhof Realty located at 460 East 26th Street in Erie,

Pennsylvania. Plaintiff alleges that defendant Bebko-Jones, a tenant that leased office space in the building, negligently caused the fire and resulting damages by carelessly discarding smoking materials. Plaintiff alleges damages in the amount of $175,734.67, not including interest. Defendant denies that she caused the fire.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

On August 8, 2005, plaintiff's counsel, Sean P. O'Donnell, and defense counsel, Stormy Deacon, participated in a Rule 26(f) conference call.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

The Court scheduled a Rule 16 Initial Scheduling Conference for September 14, 2005 at 2:00 p.m. Plaintiff's counsel will participate by telephone with the Court's permission.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

The parties reserve the right to file a dispositive motion pursuant to Fed. R. Civ. P. 12. Any dispositive motion must be filed by March 30, 2006.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties respectively request that this matter be submitted to a Magistrate Judge for mediation.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The parties agreed to exchange Rule 26(a) disclosures by September 8, 2005.

8. **Subjects on which fact discovery may be needed:**

The parties anticipate taking fact discovery regarding the cause of the fire and damages resulting from the fire.

9. **Set forth suggested dates for the following:**

    **(a)**     **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

September 8, 2005

    **(b)**     **Date by which any additional parties shall be joined:**

October 8, 2005

    **(c)**     **Date by which the pleadings shall be amended:**

October 8, 2005

    **(d)**     **Date by which fact discovery should be completed:**

December 14, 2005

    **(e)**     **If the parties agree that discovery should be conducted in the phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

Not Applicable

    **(f)**     **Date by which plaintiffs expert reports should be filed:**

January 14, 2006

    **(g)**     **Defendant's Expert Report**

February 14, 2006

    **(h)**     **Expert Depositions to be completed by**

March 30, 2006

**10.**     **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

Not applicable

**11.**     **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the result of such consideration:**

      Not applicable

**12.**    **The parties request a post discovery status conference following the completion of fact discovery.**

**13.**    **Set forth any order(s) that the parties agree should be entered by the Court pursuant to Fed. R. Civ. P. 16(b) or 26 (c):**

      Not applicable

**14.**    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such a role:**

      Not applicable

**15.**    **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

      Not applicable

**16.**    **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration.**

      The parties discussed settlement before the complaint was filed.  Defendant's liability insurer, Erie Insurance Company, had discussed settlement with plaintiff but has not made a settlement offer to date.  There have been no further settlement negotiations since the complaint was filed.

Respectfully submitted,

| /s Sean P. O'Donnell | /s Dale Huntley |
|---|---|
| Sean P. O'Donnell, Esquire | Dale Huntley, Esquire |
| Cozen O'Connor | PA 37556 |
| 1900 Market Street | Walter E. "Stormy" Deacon, III |
| Philadelphia, PA 19103 | PA 82961 |
| (215) 665-2089 | MacDonald, Illig, Jones & Britton LLP |
| (215) 701-2089 – Fax | 100 State Street – Suite 700 |
| sodonnell@cozen.com | Erie, PA 16507-1459 |
| Attorney for Plaintiff Motorist Mutual Insurance Company a/s/o Thomas Kalkhof and T.E. Kalkhof Realty Company | (814) 870-7600 |
| | (814) 454-4647 (facsimile) |
| | dhuntley@mijb.com |
| | wdeacon@mijb.com |
| | Attorneys for Defendant Linda Bebko-Jones |